# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUKE RILEY,** | Civil Action No. 18-188 |
| Plaintiff, | |
| vs. | |
| **LIBERTY BOROUGH** *and* **JANE WIEGAND** *Individually*, | |
| Defendants. | |

## MEMORANDUM OPINION

CONTI, Chief District Judge

Plaintiff Luke Riley ("Riley") initiated this action by filing a complaint (ECF No. 1-2) against his employer Liberty Borough ("Liberty") and Liberty's mayor at the relevant time Jane Wiegand ("Wiegand"). Riley alleged, among other things, that Liberty and Wiegand discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963. (Id.) The complaint contained three federal claims and five claims asserted under Pennsylvania state law. (Id.) Riley filed an amended complaint adding an additional Pennsylvania state law claim. (ECF No. 14.) Liberty and Wiegand filed a motion to dismiss the amended complaint. (ECF No. 15.) Rather than file a response in opposition to the motion to dismiss, Riley filed a motion for leave to file a second amended complaint. (ECF No. 17.)

The court at a hearing on June 25, 2018, denied the motion for leave to file a second amended complaint because Riley did not set forth sufficient factual allegations to raise a reasonable expectation that discovery would reveal evidence of all the elements of the three federal claims asserted in the proposed second amended complaint. The court—as set forth fully on the record—explained that:

- the allegations of the proposed second amended complaint did not raise a reasonable expectation that discovery would reveal evidence that Riley was subjected to severe and pervasive conduct because of his age, which is required to state a claim for hostile work environment in violation of the ADEA;

- Riley did not allege that he was discriminated against because of his race, color, religion, sex, and national origin, and, therefore, he did not set forth a plausible claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), Title VII;

- to the extent the court could construe Riley's Title VII retaliation claim as a claim under the ADEA, Riley alleged the protected activity occurred *after* the alleged adverse employment action, and therefore, Riley did not set forth factual allegations sufficient to raise a reasonable expectation that discovery will reveal evidence of a causal link between Riley's protected activity and the adverse employment action taken against him; and

- Riley did not set forth a plausible claim under 42 U.S.C. § 1983 because a plaintiff cannot obtain relief for age discrimination under 42 U.S.C. § 1983.

The court declined to consider the state claims asserted by Riley because he failed to state any plausible claim for relief under federal law. 28 U.S.C. § 1447(d); Pa. Nurses Ass'n v. Pa. State Ed. Ass'n, 90 F.3d 797, 801 (3d Cir. 1996) (explaining that § 1447(d) "permits a district court to decline to exercise supplemental jurisdiction over state claims where it has dismissed all claims over which it has original jurisdiction"). The court denied Riley's motion for leave to file a second amended complaint. The court, however, permitted Riley three days to determine whether he wanted to file a new motion for leave to file a second amended complaint. The court instructed that if Riley did not file a new motion for leave to file a second amended complaint by 5:00 p.m. on the third day, it would dismiss the federal claims without prejudice and remand the state claims to the Allegheny County Court of Common Pleas. See 28 U.S.C. § 1447(d).

Riley did not file a new motion for leave to file a second amended complaint. The court in an accompanying order will, therefore, dismiss the federal claims asserted in the amended complaint without prejudice and remand forthwith the remaining state law claims to the Allegheny County Court of Common Pleas. The motion to dismiss the amended complaint (ECF No. 15) will be denied as moot. An appropriate order will be entered.

BY THE COURT,

Dated: July 18, 2018

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge